FREDERICK C. STELTEMEIER, Administrator of EDWARD DOYLE, Respondent, v. J. V. S. BARRETT, Appellant.

St. Louis Court of Appeals, November 16, 1909.

1. **TRIAL PRACTICE: Conduct of Judge.** Where the record, taken as a whole, shows the trial judge is endeavoring, fairly and impartially, to conduct the trial and keep counsel within proper bounds, his efforts in that behalf are not grounds for reversal, unless manifestly unfair and improper.

2. ———: ———: **Remarks Made by Judge on Proffered Testimony.** Where counsel offered to read testimony given by a witness on a former trial and preserved in a bill of exceptions, to contradict the testimony given by the witness at the present trial, a remark made by the trial judge, in connection with said offer, that counsel should have treated the witness fairly by reading to him the statement claimed to be contradictory of his present statement and asking him whether or not he made it, was not error.

3. **EVIDENCE: Offer to Submit Document for Inspection: Materiality.** In an action on a note in which defendant relied on receipts given for payments, the exclusion of a letter from defendant's counsel to plaintiff's counsel as to an inspection of the receipts was proper; the receipts being in evidence and subject to examination in court.

4. **WITNESSES: Instructions: Administrator Party: Instruction Explaining Failure of Surviving Party to Testify.** In an action by an administrator on a note, a requested instruction that as defendant could not testify to any transaction with decedent showing payment, his failure to explain any matter connected with its payment should not be considered against him, was properly refused, as prejudicing the plaintiff for exercising a lawful right.

5. **PAYMENT: Trial Practice: Burden of Proof.** Payment is an affirmative defense, the burden of proving which is always on defendant.

6. ———: **Bills and Notes: Instructions: Burden of Proof.** In an action by an administrator on a promissory note, where a defense of payment was made and certain receipts were offered to sustain said defense, an instruction asked by defendant, to the effect that if the jury found the receipts were signed by deceased "then in the absence of sufficient rebutting proof" it is the duty of the jury to find deceased received from defendant all the money he had advanced him, and plaintiff cannot recover, was properly refused, as it would have caused the jury to think the mere production of the receipts was such strong evidence of payment that the burden had shifted.

7. ———: ———: ———: **Comment on Evidence.** In such an action, an instruction asked by defendant, which, in effect, told the jury the mere production of the receipts is such conclusive evidence of payment as to require affirmative evidence by plaintiff to rebut the presumption, was properly refused as being an undue comment on particular evidence.

8. ———: ———: ———. In such an action, instructions asked by defendant which directed a finding for defendant if the jury believed the receipts were signed by deceased, and plaintiff had not introduced sufficient rebutting proof of non-payment, were properly refused, as omitting any reference to the necessity of the jury finding from the evidence the payments evidenced by the receipts were made on account of the note in suit.

9. **APPELLATE PRACTICE: Weight of Evidence Credibility of Witnesses.** The credibility of the witnesses and weight of the evidence are matters peculiarly within the province of the trial court and jury.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*Kinealy & Kinealy* for appellant.

(1) The remarks of the court when defendant offered to read from the bill of exceptions a portion of the testimony of the witness Smidt on the former trial were highly improper and were prejudicial. State v.

Stein, 79 Mo. 330; Schlicker v. Gordon, 19 Mo. App. 479; Kreibohm v. Yancey, 154 Mo. 67; (2) Defendant should have been permitted to read to the jury the letter to plaintiff's counsel in regard to removing the paper from the back of the receipt. (3) The first of defendant's refused instructions should have been given. 1 R. S. 1899, sec. 4652. (4) Defendant's second and third refused instructions should have been given. Cunningham v. Batchelder, 32 Me. 316; Cash v. Freeman, 35 Me. 483; Gibson v. Hanna, 12 Mo. 162; Buffington v. Land Co., 25 Mo. App. 492.

*John S. Leahy* for respondent.

(1) First, appellant was an incompetent witness to testify about any contract or conversation he had with deceased and as maker of the note cannot testify to the discharge thereof in a suit against himself by the administrator. Sec. 4642, R. S. 1899; Kaho v. King, 19 Mo. App. 45; Lightner's Adm. v. Greeg, 61 Mo. App. 650; Teats v. Flanders, 118 Mo. 660. (2) The court was correct in not permitting appellant's counsel to read to the jury the letter directed to respondent's counsel before trial. Nulsen v. Priesmeyer, 30 Mo. App. 126; Anslyn v. Franke, 11 Mo. App. 598; Hutchins v. Railroad, 99 Mo. App. 549; Mosby v. Commission Co., 91 Mo. App. 500. (3) The contentions of error claimed by appellant are not material to the merits of the action, therefore, judgment should be affirmed. Sec. 865, R. S. 1899; Water & Light Co. v. Lamar, 140 Mo. 146; Commission Co. v. Block, 130 Mo. 669.

STATEMENT.—This is action by the administrator of Edward Doyle against defendant, appellant here, on a note which, as set out in the petition, reads as follows:

"St. Louis, Missouri, January 1st, 1896.
$1830.00

Three years after date I promise to pay to Edward Doyle or order eighteen hundred and thirty and no hundred dollars for value received with interest from date at the rate of seven per cent. per annum, until paid, and I agree to pay the same at maturity and same is due to Edward Doyle only.

J. V. S. BARRETT."

The answer, after denying each and every allegation in the petition, sets out the note, admits the execution and delivery of it to Doyle, avers that the note was prepared on a printed blank form and the words, "date", "promise to pay", "or order", were printed as part of the blank form, and the words, "and the same is due to Edward Doyle only," were written by defendant; and avers that long prior to the maturity of the note, he fully paid it to Doyle as well as paying to him, Doyle, all other notes he had ever made to him; and that Doyle, at the time of the payment of the note, was in possession of it and that this is the only note bearing date January 1, 1896 that defendant ever made or delivered to Doyle. The answer further avers that defendant did not execute or deliver to Doyle the note described in the petition or any note of that date, save that set forth in his answer. This answer was sworn to by defendant. The reply is a general denial of the new matter.

At the trial, the plaintiff proved that he was the administrator of the estate of Doyle and as such had duly qualified and taken possession of the assets of the estate; he also introduced evidence tending to prove that the note in suit had come into his possession as assets of the estate; that he had endeavored to collect it from defendant; that defendant had claimed that he had paid it. Plaintiff also introduced evidence tending to show how and when and by whom the note had been

found among the effects of the decedent or had come to the hands of the parties who had turned it over to him, and also tending to show that defendant had made statements and had done acts in connection with the note which it is claimed tended to contradict defendant's denial of the indebtedness on the note, and introducing the note in evidence, rested.

On part of defendant evidence was introduced tending to sustain his claim, that he had paid the note and that he owed decedent nothing on account of it, among the other evidence introduced by defendant being the receipts, which are set out in 115 Mo. App. 324, where the decision of this court is reported when the case was here on a former appeal.

The receipts now particularly relied on by defendant are as follows:

"Received of J. V. S. Barrett, $1235.85 for board, lodging and money advanced Oct. 8, 1900; Nov. 8. 1897.
EDWARD DOYLE."

"Received of J. V. S. Barrett the amount of money advanced to him by me in full Nov. 8, 1897.
EDWARD DOYLE."

The defendant at the trial was excluded from testifying as to transactions between himself and the decedent during the lifetime of the latter, his own testimony being confined to the narration of acts since the death of the decedent and to his transactions with the administrator and others after the death of the decedent. The witness Smidt, again testifying, the error in the admission of part of his testimony for which error, in part, the judgment was before reversed, was avoided both during this trial and by instructions. During the progress of the trial, counsel for defendant offered in evidence a portion of the testimony of this witness Smidt which had been preserved in the bill of exceptions. On the court asking him what he offered it for, counsel said it was offered as contradictory of the testimony of the witness given at the present trial.

Counsel for plaintiff objected to it unless all of this witness' testimony was read. Whereupon the court said:

"You didn't read any part of it to him and ask him whether he made the statement or not. You asked him in a general way. You should have treated the witness fairly by reading the statement claimed he had made contradictory to his present statement. Let me see the part you want to read. The proper way and the fair way is for you to read the statement and ask him whether he made that statement or not."

Counsel for defendant excepted to the remarks of the court; not however assigning any ground for the exception. Whereupon counsel handed the transcript of the testimony to the court with the pages marked which he proposed reading and they were thereupon read and the witness examined concerning what were claimed to be discrepancies between his testimony there given and what he had given in the present trial. Counsel for defendant also offered to read in evidence a letter which he had served on counsel for plaintiff, containing an offer by counsel concerning the examination of the back of some of the receips given in evidence, there being some question as to whether paper had been pasted over the back of the original in an effort to conceal or cover up whatever was on the back. The court excluded it, to which defendant excepted. Much evidence, pro and con, was introduced in an effort to meet the issue as to whether the receipts in evidence covered the money evidenced by the note.

At the instance of plaintiff, the court gave three instructions, in the first of which the jury were told that the suit was on a note, the court setting the note out in the instruction as it appears in the petition. It also told the jury that the defendant denies every allegation in the petition, but in answering further, also admits that he executed and delivered to the decedent a promissory note in words as follows:

"$1830.00

St. Louis, Missouri, January 1st, 1896..

Three years after date I promise to pay to Edward Doyle, or order, eighteen hundred and thirty, no hundred dollars, for value received, with interest from date at the rate of seven per cent per annum, until paid, and I agree to pay the sum at maturity and the same is due to Edward Doyle only.

J. V. S. BARRETT."

The instruction then proceeds:

"And defendant admits that the note last referred to was the only note bearing date of January 1, 1896, that defendant ever made and delivered to the decedent."

The second instruction was to the effect that it had been proved plaintiff was the person entitled to sue as administrator of the decedent and that he was now such administrator. By the third instruction the jury was told that if it believed from the evidence that defendant executed and delivered to decedent the note sued on and further believed from the evidence that the note has not been paid, the jury must find for plaintiff for the value of the note, $1830; but if the jury finds the note had been partly paid, that it would find for plaintiff only in such an amount as the jury finds from the evidence remains unpaid and if the jury further finds that the interest on the note or any part thereof has not been paid, it must find for plaintiff in such further amount as it finds from the evidence is due on account of interest.

Of its own motion the court instruted the jury that defendant claims the note has been paid and fully satisfied and that the burden of establishing by a preponderance of the evidence that such payment has been made is upon the defendant. In the second instruction given by the court of its own motion, the jury were instructed as to the meaning of the term "burden of

proof." In the third the usual instruction as to the credibility of witnesses was given, while in the fourth instruction the jury were advised that nine of their number had power to return a verdict. Exceptions were duly saved by defendant to the giving of all these instructions.

At the request of defendant the court gave three instructions. The first is to the effect that if the jury believed from the evidence that the note offered in evidence on the trial and interest thereon was paid, they would find for the defendant. By the second instruction they were told that the note offered in evidence is not a negotiable note, and by the third they were told that any statements of the witness Smidt while testifying upon the trial of the cause as to what was told him by Edward Doyle, deceased, are to be entirely disregarded by the jury as evidence in the case, in arriving at their verdict.

Defendant also asked the court for three instructions substantially as follows: First, that under the law the defendant could not testify in this action to any transaction between him and the deceased relating to the note sued on or its payment, unless the plaintiff had consented that he might do so, and that the failure of defendant to explain any matter connected with the note or its alleged payment, is not to be considered against him in arriving at a verdict. In the second instruction, the court was asked to charge that if the jury found from the evidence that the receipts offered in evidence as being signed by the deceased were in fact signed by him "then in the absence of sufficient rebutting proof, it is the duty of the jury to find that deceased received from the defendant on November 8, 1897, the sum of $1,235.85, and also all the money which, up to that time said Edward Doyle had advanced to defendant and that plaintiff cannot recover in this action; and they are further instructed that rebutting proof, sufficient to overcome those receipts must be clear

Steltemeier v. Barrett.

and convincing and not rest upon mere impressions." The third instruction asked and refused was to the effect that plaintiff claims the note sued on is wholly unpaid and defendant claims that it was paid to the decedent "and produces in support of his contention receipts claimed to have been signed by said Edward Doyle, and the jury were further instructed that if they find from the evidence that the signature of those receipts is that of said Edward Doyle, then those receipts are a complete defense to plaintiff's claim unless they are overcome by proof that the payments acknowledged by those receipts were not in fact made; and the proof for that purpose must be clear and convincing and not resting on mere surmises." The court refused these instructions and defendant duly excepted.

Further controversy arose over remarks made by counsel for plaintiff in closing the case to the jury, but no request appears to have been made to the court to correct them nor to check counsel and no exception saved of record.

There was a verdict for plaintiff for $3023.78. Motion for new trial was duly filed, overruled, exception saved and an appeal duly perfected to this court by defendant.

REYNOLDS, P. J. (after stating the facts).— The learned and able counsel for appellant present four propositions or points as their assignments of errors in the case. The first point is directed to the remarks of the court before quoted when defendant offered to read from the bill of exceptions a portion of the testimony of witness Smidt on the former trial and which remarks are alleged by counsel to be highly improper and prejudicial. The second point made is that defendant should have been permitted to read to the jury the letter to plaintiff's counsel in regard to removing the paper from the back of the receipt. The third and fourth points are the alleged error of the court in refusing the first,

second and third instructions asked by defendant and refused.

Taking these up in the order mentioned, we do not agree with counsel that the remarks of the court excepted to were so prejudicial to the defendant as to warrant a reversal of the judgment. While it is true that our appellate courts have gone to great lengths in enforcing the non-intervention by the trial judge in many matters at the trial, it is not to be overlooked that much latitude is to be allowed that judge. 'He is presiding and has under his eye the manner and demeanor of counsel, and their manner of dealing with the witnesses, and when the record taken as a whole shows that he is endeavoring fairly and impartially to conduct the trial, and keep counsel within proper bounds, his discretion and his efforts to conduct the case in an orderly manner are not to be interfered with, and are not ground of reversal unless manifestly unfair and improper. Human nature is no different on the bench than at the bar, and we are all familiar with the fact that in the progress of a heated and vigorously contested case, any one, whether judge or counsel, may make quick and even heated remarks and retorts, and that, unconsciously perhaps, counsel appear unfair to a witness. But to render remarks of the court reversible error, this court must be convinced, from an examination of the whole record, and consideration of all the facts surrounding the circumstance, that they were made improperly and were of a character to prejudice the case. In the case under consideration the remarks of the court were directed to secure fair treatment of the witness. It is as much the duty of the trial judge to protect the witnesses who are before it and subject to the examination of counsel, as it is to see to any other incident connected with the administration of justice and which lead to the orderly conduct of trials, and great latitude must be allowed the trial judge in the exercise of this duty. We see no re-

versible error, in fact, no error whatever, in the remarks to which exception is taken.

Nor do we think there was error in excluding the letter addressed by counsel on one side to counsel on the other as to submitting a paper which was in controversy to an examination outside, or even inside of court. An examination outside of court is not in the control of the court in a case of this kind, and as the examination of that very paper could be made in the presence of the court and the paper was in evidence before the jury, and was submitted to the inspection of the jury, counsel certainly had all the advantage of any disclosure or fact which an examination might reveal.

No authority, except section 4652, Revised Statutes 1899, is referred to in support of the assignment of error on the refusal of the first instruction asked by defendant, which is to the effect that failure of the defendant to testify was not to be taken adversely to him. All there is in that section as relevant to the point, is as to the qualifications and disqualifications of witnesses. Reading the section throws no light on the matter contended for and does not meet the point made. While in criminal cases the statute (Sec. 2638, Revised Statutes 1899) expressly prohibits any comment whatever to be made on the failure of the defendant to testify, we know of no authority which extends this to civil cases and as a matter of fact courts have frequently commented on the failure of a party to testify in civil, particularly equity, cases. That is far from holding that the jury should be instructed that the reason a party in a civil case has not testified is because the other side has not waived the statutory disability. Such an instruction would be a serious reflection upon and prejudicial to the party who has merely exercised his lawful right. Especially should no such instruction be given in a case of this kind when the right is exercised in protection of the dead. Nor does it appear in this case that any comment whatever was made on the failure of defend-

ant to testify to acts between him and the decedent. Furthermore it distinctly appears in the record that when defendant, testifying in his own behalf, was asked by his counsel, after being shown the note in suit, whether or not he had signed it, counsel for plaintiff objected and the court sustained the objection. Counsel for defendant thereupon said he thought they were entitled to know the ground of the objection. Whereupon the court said that the defendant is not a competent witness for anything that transpired before the administrator was appointed, that that is the rule but it is not an iron-clad rule. Counsel for defendant then remarked that the objection might be waived and asked whether the objection went to the form of the question or to the fact of incompetency. Thereupon counsel for plaintiff said that he placed the objection on the ground of the incompetency of the witness. It was therefore clearly before the jury that defendant was willing to testify but was shut off under the law, by the objection of plaintiff. But we do not place our ruling on this ground but on the ground that the instructions should not have been given under the circumstances or facts.

The last proposition relied on, as to the refusal of the court to give the second and third instructions, is not tenable. These instructions are subject to the general criticism that they endeavor to shift the burden of proof of payment from the defendant to the plaintiff. Payment is an affirmative defense the burden of which always and under all circumstances rests on defendant. Moreover, to have given this instruction, in the language asked, would have had a tendency to mislead the jury and confuse them. It is doubtful if the ordinary jury knows what rebutting proof is. The effect of this second instruction, if given, would have been, with any ordinary jury, to have caused them to think that the mere production of the receipts was, in itself, such strong evidence of payment of this note that the burden

had shifted. This is not the law. Furthermore, in the second refused instruction, the first clause of it, after advising the jury that in the absence of sufficient rebutting proof, "it is the duty of the jury to find that deceased received from defendant on November 8, 1897, the sum of $1235.85, and also all the money which up to that time Edward Doyle had advanced to defendant," concluded *"and that plaintiff cannot recover in this action."* This is so wrong in law, that it would inevitably have misdirected the jury and if given as asked, would have compelled reversal. The third instruction refused is not only obnoxious to most of the above criticism, but is an undue comment on particular evidence in the case, in effect telling the jury that the production of the receipts is such conclusive evidence of the fact that those sums have been paid, as to require affirmative evidence on the part of plaintiff to rebut this presumption. Both these instructions omit any reference to the necessity of the jury finding and believing from the evidence that payments evidenced by the receipts were made on account of the note in suit. That was the very point in controversy.

We have not thought it necessary to set out all the rather voluminous testimony in this case, more at length, deeming it sufficient to say that there are sharp contradictions and also much of it going to the nature of the transactions between plaintiff and defendant, some of it having a tendency to put a very unfavorable construction on the acts of defendant in connection with the note sued on after the death of Doyle. After an examination of the testimony and the proceedings at the trial, we are satisfied the claims of the respective parties were so presented to the jury as to leave the determination of the issue turn almost entirely upon the credibility of witnesses and on the weight of the evidence. These are matters peculiarly within the province of the trial judge and the jury; and finding no error tending to the manifest injury of the defendant in the rulings of the

court on the admission and exclusion of testimony or in the giving and refusing of instructions, the judgment of the circuit court is affirmed. All concur.